**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MICHAEL THURSTON,**

      Plaintiff,

v.                                     Civil Action No. **3:25CV273 (RCY)**

**WILLIAM McKENNA,**

      Defendant.

**MEMORANDUM OPINION**

Michael Thurston, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

**I.  PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim."  *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act

as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

This is not Mr. Thurston's first appearance before this Court. Just like his prior cases, Mr. Thurston's claims are directed at the individuals who were responsible for releasing him from civil commitment. *Thurston v. McKenna*, No. 3:24CV488 (RCY), 2025 WL 667719, at \*5 (E.D. Va. Feb. 28, 2025) ("The crux of Thurston's Particularized Complaint alleges that Defendants violated state law when they determined that he did not need to be civilly committed at that time."), *aff'd*, No. 25-6221, 2025 WL 1513123 (4th Cir. May 28, 2025). The Court dismissed Mr. Thurston's prior case against Dr. McKenna because Mr. Thurston failed to identify how Dr. McKenna violated his due process rights. *Id.* ("Thurston fails to explain how he had a legitimate, protected liberty or property interest in being civilly committed.").

Based on the prior dismissal, when Thurston filed the present action he did not bring the action under 42 U.S.C. § 1983. ECF No. 10. However, as the Court noted in its Memorandum Order entered on August 18, 2025, his new Complaint did not comply with Fed. R. Civ. P. 8(a) because he failed to identify the basis for the Court's jurisdiction or provide a short and plain statement of his claim. ECF No. 15, at 1. The Court directed Mr. Thurston to submit an appropriate complaint within thirty (30) days of the date of entry thereof.

Thereafter, Thurston submitted a Particularized Complaint. ECF No. 21. Thurston acknowledges that both he and McKenna are residents of Virginia. *Id.* at 2. Thurston contends that, on February 12, 2021, McKenna was negligent and committed medical malpractice when he

3

prematurely discharged Thurston from his involuntary civil commitment. *Id.* at 3–8. Thurston alleges: "Within four (4) hours after Plaintiff was discharged, at approximately 4:52 p.m., he was taken into custody by Henrico County Police for the killing of his wife." *Id.* at 3. The foregoing (and the Particularized Complaint as a whole) does not establish any plausible basis for this Court's jurisdiction. Further, in Virginia, Thurston's negligence and medical malpractice claims "are governed by the two-year statute of limitations for personal injuries." *Chalifoux v. Radiology Assocs. of Richmond, Inc.*, 708 S.E.2d 834, 837 (Va. 2011) (citing Va. Code § 8.01–243(A) (West 2025)). The statute of limitations for these claims commenced on February 12, 2021 and expired in February of 2023, years before Thurston filed this action. Accordingly, Thurston's claims and the action will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Thurston's claims and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/ *RCY*

Roderick C. Young
United States District Judge

Date: <u>April 24, 2026</u>
Richmond, Virginia